**Tammy G. WARD, Plaintiff,**

v.

**W & H VOORTMAN, LTD., etc., et al., Defendants.**

**Civ. A. No. 88–T–084–N.**

United States District Court, M.D. Alabama, N.D.

May 25, 1988.

M. Wayne Sabel, Argo, Enslen, Holloway & Sabel, P.C., Montgomery, Ala., for plaintiff.

H.E. Nix, Jr., Hill, Hill, Carter, Franco, Cole & Black, Montgomery, Ala., and Timothy S. Breens, Ruff, Weidenaar & Reidy, Chicago, Ill., for defendants.

## ORDER

MYRON H. THOMPSON, District Judge.

Plaintiff Tammy Ward has brought this lawsuit charging defendant W & H Voortman, Ltd. with sex discrimination, in contravention of 42 U.S.C.A. §§ 2000e through 2000e–17, popularly known as Title VII of the Civil Rights Act of 1964, as amended. Ward, an Alabama resident, alleges that a Voortman employee met with her in Alabama and encouraged her to apply for a job with the company as its products distributor in middle and southern Alabama. She further alleges that, after she was offered the job and accepted it, she was either fired or never even officially hired because of her sex.

This cause is now before the court on W & H Voortman's motion to dismiss, claiming that it is not subject to suit under Title VII because it is a foreign corporation. No affidavits or other evidentiary materials have been submitted by either party, but Ward admits that W & H Voortman is a foreign corporation with a principal place of business in Burlington, Ontario, Canada. For the reasons that follow, the motion is due to be denied.

---

Title VII forbids "employers" from discriminating on the basis of sex. 42 U.S.C. A. 2000e–2. Although the court is unaware of, and neither party cites to, specific case law on the applicability of Title VII to the circumstances presented here, there is every indication that the Act prohibits a foreign corporation from discriminating against *American employees who work for the company in the United States.* First of all, an analysis of Title VII itself shows that it forbids sex discrimination in the American workplace, regardless of where the employer is incorporated. Title VII is clear as to those situations in which it does not apply. For example, certain bona fide private membership clubs and employers with less than 15 employees are not subject to its requirements. 42 U.S.C. A. § 2000e(b). The Act also does not apply to the employment of aliens abroad and to religious discrimination practiced by religious institutions. § 2000e–1. Title VII, however, does *not* expressly exempt from its provisions foreign corporations doing business here. If Congress had intended to exempt such foreign corporations it would have done so expressly, just as it did with bona fide private membership clubs, employers with less than 15 employees, employers insofar as they employ aliens abroad, and religious institutions to the extent they engage in religious discrimination.

Moreover, by exempting employment of aliens abroad, Congress apparently intended to avoid possible conflicts between American law and foreign law. If Congress had intended, out of a similar concern for foreign relations, to draw as important a distinction as one between domestic and foreign employers doing business domestically, it surely would have made its intent known exressly, just as it did with regard to aliens abroad. *See* Note, *Commercial Treaties and the American Civil Rights Laws: The Case of Japanese Employers,* 31 Stan.L.Rev. 947, 957 n. 51 (1979).

Second, the statute's legislative history and Title VII case law lead to the same conclusion. Title VII was passed "to remove obstructions to the free flow of interstate and foreign commerce and to insure the complete and full enjoyment by all persons of the rights, privileges, and immunities secured and protected by the Constitution." H.Rep. No. 914, 88th Cong.2d Sess., *reprinted in* 1964 U.S.Code Cong. & Admin.News 2391, 2402. The Act evinces Congress's broad purpose to eliminate all vestiges of discrimination in the American workplace. *See id.* at 2394; H.Rep. No. 92–238, 92nd Cong., 2d Sess., *reprinted in* 1972 U.S.Code Cong. & Admin.News 2137, 2155. Courts have therefore held, in an effort to carry out this broad and laudatory national mandate, that "Title VII ... is to be accorded a liberal construction," *Quijano v. University Federal Credit Union,* 617 F.2d 129, 131 (5th Cir.1980); *accord McDonnell Douglas Corporation v. Green,* 411 U.S. 792, 798–99, 93 S.Ct. 1817, 1823, 36 L.Ed.2d 668 (1973); *Truvillion v. King's Daughters Hospital,* 614 F.2d 520, 527 n. 14 (5th Cir.1980), and, in particular, that the statute's definition of "employer" is entitled to such liberal construction, *Williams v. City of Montgomery,* 742 F.2d 586, 588 (11th Cir.1984) (per curiam), *cert. denied,* 470 U.S. 1053, 105 S.Ct. 1756, 84 L.Ed.2d 819 (1985); *Quijano,* 617 F.2d at 131. But more importantly, it would be contrary to Title VII's expansive goal, and indeed would be simply illogical, to limit the Act's protective reach to only those American employees who work for a domestic entity and to leave open for victimization those employees in the country's workplace who work for companies that happen to be foreign-owned. Two leading commentators have therefore taken the position that Title VII applies to foreign corporations to the extent they take employment action against employees working in the United States. B. Schlei & P. Grossman, *Employment Discrimination Law* 997, 1010, (1983). *See also* Note, *Commercial Treaties and the American Civil Rights Laws: The Case of Japanese Employers,* 31 Stan.L.Rev. 947, 956–57 (1979) (Title VII applies equally to foreign and domestic employers operating in the United States).

W & H Voortman does cite four cases for the proposition that federal laws regu-

**233**

lating employment relations do not apply, in general, to foreign employers. *McCulloch v. Sociedad Nacional de Marineros de Honduras,* 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963) (National Labor Relations Act does not cover vessels flying a foreign flag and containing a foreign crew); *Benz v. Compania Naviera Hidalgo, S.A.,* 353 U.S. 138, 77 S.Ct. 699, 1 L.Ed.2d 709 (1957) (National Management Labor Relations Act of 1947 does not cover dispute between foreign ship and foreign crew); *Lauritzen v. Larsen,* 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953) (Jones Act does not cover foreign seaman injured on foreign ship); *Lavrov v. NCR Corporation,* 600 F.Supp. 923 (S.D.Ohio 1984) (Title VII does not apply to foreign corporation with respect to its employment of persons in foreign countries). However, each of these cases involves either foreign employees or wrongful acts in a foreign country as well as a foreign business entity. They are not applicable here where the alleged discriminatory act was by a foreign company doing business in the United States and was toward an American citizen working for the company in the United States.

The court therefore holds that any company, foreign or domestic, that elects to do business in this country falls within Title VII's reach and should, and must, do business here according to its rules prohibiting discrimination.

Accordingly, it is ORDERED that defendant W & H Voortman, Ltd.'s motion to dismiss, filed March 3, 1988, be and it is hereby denied.